IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Donald P. Cruikshank, | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-02506 |
| Boutique Air, Inc., | |
| Defendant | |

## ANSWER

**Boutique Air, Inc. hereby responds to the Complaint by setting forth each of the allegations in the Complaint and its response thereto, followed by additional defenses.**

JURISDICTIONAL ALLEGATIONS

1. Plaintiff Donald Cruikshank is a citizen of the State of Maryland.

**RESPONSE: Boutique Air, Inc., (hereinafter, "Boutique Air") lacks knowledge or information sufficient to admit or deny the allegations in this paragraph one.**

2. Boutique Air, Inc., ("Boutique Air"), is a corporation organized under the laws of the State of California with its principal place of business in the State of California.

**RESPONSE: Boutique Air admits the allegations in this paragraph two.**

3. Plaintiff brings his complaint under the federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

**RESPONSE: The allegations contained in paragraph three are conclusions of law, to which no response is required, except that the allegation that the amount in**

controversy exceeds $75,000 is an allegation of fact as to which Boutique Air lacks knowledge or information sufficient to admit or deny.

COMMON ALLEGATIONS OF FACT

4. Boutique Air regularly operates flights into and out of Baltimore/Washington International Airport (BWI) in Baltimore, Maryland, and avails itself of the privileges and benefits of conducting business in the State of Maryland.

**RESPONSE: Boutique Air admits that it regularly operates flights into and out of BWI and avails itself of the privileges and benefits of conducting business in the State of Maryland.**

5. On September 15, 2021, Plaintiff Donald Cruikshank, was a fare-paying passenger on board Boutique Air Flight Number 853, departing from MSS Airport in the City of Massena, County of St. Lawrence and State of New York with its intended destination of BWI Airport in Baltimore, Maryland.

**RESPONSE: Boutique Air admits that Donald Cruikshank was a fare-paying passenger on its Flight 853 from MSS Airport Massena, New York, to BWI on September 15, 2021.**

6. The flight crew of Flight 853 failed to monitor the surroundings or warn passengers of oncoming turbulence and flew the aircraft into a storm. While Flight 853 flew through this storm, lightning struck a wing resulting in the Plaintiff being lifted from his seat and hitting his head on the ceiling of the aircraft. The Plaintiff felt a crunch in his neck and felt numbness.

**RESPONSE: Boutique Air denies the allegations contained in paragraph six, except that it lacks knowledge or information sufficient to admit or deny whether Donald**

**Cruikshank hit his head on the ceiling of the aircraft, felt a crunch in his neck, or felt numbness on September 15, 2021.**

7. As a direct and proximate result of the foregoing, Plaintiff Cruikshank has suffered pain, discomfort and restriction of his daily and recreational activities, and has received medical treatment including surgery, which has resulted in increased health and medical costs.

**RESPONSE: Boutique Air denies the allegations contained in paragraph six, which are impliedly incorporated in paragraph seven, except that it lacks knowledge or information sufficient to admit or deny whether Donald Cruikshank suffered pain, discomfort, and restriction of his daily and recreational activities and has received medical treatment, including surgery, which has resulted in increased health and medical costs.**

COUNT 1 – ALLEGED NEGLIGENCE

8. Plaintiff reavers and incorporates by reference the previous paragraphs of this Complaint as if fully re-written here.

**RESPONSE: Boutique Air incorporates herein each of its responses to paragraphs one through seven of the Complaint.**

9. At all times relevant, Boutique Air, as a common carrier, had an obligation to exercise the highest degree of care for its passengers' safety, including the safety of passenger, Donald Cruikshank, Plaintiff herein.

**RESPONSE: The allegations contained in paragraph nine are conclusions of law, to which no response is required and, if a response nonetheless is required, Boutique Air denies these allegations and asserts that the standard of care is controlled by federal law so that a 50-state patchwork of laws does not define the standard of care to be exercised by an FAA-certified air carrier.**

10. Boutique Air negligently failed to comply with this requirement by failing to operate Flight 853 in a safe and responsible manner, failing to train its flight crew in the safe and nonhazardous operation of its aircraft, and in other ways which will be determined through discovery.

**RESPONSE: Boutique Air denies the allegations contained in paragraph ten.**

11. As a direct and proximate result of the negligence of Boutique Air and the flight crew of 853, operating within the course and scope of its employment, Plaintiff Cruikshank was injured, suffered pain, lack of mobility, tremendous restrictions in his activities and enjoyment of life, and was forced to undergo medical treatment, including surgery, and has sustained increased expenses for medical treatment, as well as emotional distress caused by the forced curtailment of his activities.

**RESPONSE: Boutique Air denies the allegations contained in paragraph 11.**

12. Plaintiff Cruikshank continues to suffer from his physical injuries and the anguish associated with those injuries, including curtailment of his activities and loss of enjoyment of life, as a direct and proximate result of Boutique Air's negligent conduct.

**RESPONSE: Boutique Air denies the allegations contained in paragraph six, which are impliedly incorporated in paragraph 12, except that it lacks knowledge or information sufficient to admit or deny whether Donald Cruikshank continues to suffer from his physical injuries and the anguish associated with those injuries, including curtailment of his activities and loss of enjoyment of life.**

## AFFIRMATIVE AND OTHER DEFENSES

**A. Boutique Air is not liable because the injury, if any, was caused by or contributed to by Plaintiff's negligence.**

  B.  **Boutique Air is not liable because Plaintiff impliedly assumed the risk of injury.**

  C.  **Boutique Air reserves the right to assert additional defenses after it has undertaken discovery in this case.**

*   *   *

  **WHEREFORE,** Boutique Air respectfully requests that the Court dismiss the Complaint, award it the costs of suit, and grant such other and further relief as the Court deems just and proper.

Dated: December 1, 2022       Respectfully submitted,

                BOUTIQUE AIR, INC.
                By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

By: *Jonathan M. Stern*
   Jonathan M. Stern (VSB# 41930)
1750 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 419-4202
Telefax: (202) 419-4203
Email: jstern@schnader.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed this Answer using the Court's ECF system on December 1, 2022, and that—according to the ECF system—this will effect service on:

>Douglas P. Desjardins
>PANGIA LAW GROUP
>1717 N St., NW Suite 300
>Washington, DC 20036
>dpd@pangialaw.com
>P: (202) 638-5300
>F: (202) 393-1725

By: *Jonathan M. Stern*
      Jonathan M. Stern (Trial Bar No. 03933)
1750 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 419-4202
Telefax: (202) 419-4203
Email: jstern@schnader.com